1

**UNITED STATES BANKRUPTCY COURT**
**IN THE DISTRICT OF OREGON**

2

BANKRUPTCY COURT
DISTRICT OF OREGON

2010 APR -5 AM 9: 04

3

**IN RE**
**TYRONE BLOCKER,**
4
    Debtor,

**CASE NO.: 09-31131-rld7**

5

**TYRONE BLOCKER,**
    Plaintiff,

**ADV. PROC. No.: 09-03361-rld**

6
    **v**

**FIRST AMENDED COMPLAINT**

7

**NOMURA HOME EQUITY HOME**
**LOAN INC., ET AL.,**
8
    Defendant(s).

**TRIAL BY JURY DEMAND**

9

10

**I.    JURISDICTION**

11    1.    This Court has jurisdiction to entertain this action pursuant to Fed. Rule Bankr.

12    7001,L.B.R. 7001-1 and supplemental jurisdiction pursuant to 28 U.S.C §

13    1376(c).

14

**II.    PLAINTIFF/DEBTOR**

15    2.    Plaintiff, Tyrone Blocker, was at all times mentioned herein the debtor in

16    bankruptcy proceeding, case no. 09-31131-rld7, and brings this adversary

17    proceeding to redress defendant's violation of plaintiff's statutory rights under 18

18    U.S.C. § 1962(a) to 1962(d), and tort under Oregon law.

19

**III.    DEFENDANT(S)/CREDITOR(S)**

20    3.    Defendant, Nomura Home Equity Home Loan Inc., was at all times mentioned

21    herein an incorporated company which makes loans and engaged in interstate

22    commerce.

23    4.    Defendant, HSBC Bank USA, National Association, was at all times

24    mentioned herein an incorporated bank engaged in interstate commerce.

1    5.    Defendant, Ocwen Loan Servicing was at all times mentioned herein a loan

2          servicing limited liability corporation engaged in interstate commerce.

3    6.    Defendant, Kelly D. Sutherland, was at all times mentioned herein trustee and

4          attorney for Nomura Home Equity Home Loan Inc., HSBC Bank USA,

5          Ocwen Loan Servicing, and partner in the limited liability corporation Shapiro

6          &Sutherland LLC and engaged in interstate commerce.

7    7.    Defendant, Shapiro & Sutherland LLC was at all times mentioned herein a

8          limited liability company engaged in interstate commerce.

9          **IV.    CLAIM ONE R.I.C.O. UNDER 18 U.S.C.§ 1962(A)-(D)**

10                                    **FACTS**

11   8.    On July 28, 2006, Michael D. Feil and Heather A Feil, borrowers, were loaned

12         $237,500.00, on a promissory note payable to lender, American Mortgage

13         Express Financial DBA, to purchase a home.    Mortgage Electronic

14         Registration System, Inc.,(hereinafter MERS) was designated grantee, solely

15         as nominee for lender, American Mortgage Express Financial DBA, and

16         beneficiary under the trust deed (hereinafter DEED).

17   9.    On December 4, 2007, borrowers, Michael D. Feil and Heather A. Feil,

18         transferred title of DEED to Plaintiff.

19   10.   On March 21, 2008, MERS, acting solely as nominee/beneficiary for

20         American Mortgage Express Financial DBA, purportedly assigned/transferred

21         the DEED over to Defendant, Nomura Home Equity Home Loan, Inc., who

22         designated Defendant, HSBC Bank USA, National Association, as trustee. A

23         substitution of trustee under the DEED was allegedly made designating

24         Defendant, Kelly D. Sutherland, a partner of Defendant, Shapiro & Sutherland

1          L.L.C., as trustee.

2     11.   The promissory note (hereinafter NOTE) that was signed over to American
3          Mortgage Express Financial DBA, by Michael D. Feil and Heather A. Feil, for
4          a loan to purchase a home was not assigned/transferred from MERS or
5          American Mortgage Express Financial DBA, under ORS 73.0201 to ORS
6          73.0304, over to Defendants, Nomura Home Equity Home Loan, Inc; HSBC
7          Bank USA, National Association; or Ocwen Loan Servicing; Kelly D.
8          Sutherland; or Shapiro & Sutherland L.L.C., giving any of the Defendants,
9          Nomura Home Equity Home Loan, Inc., HSBC Bank USA; Ocwen Loan
10         Servicing; Kelly D. Sutherland or Shapiro & Sutherland L.L.C., who are
11         falsely claiming to be holders and owners of the note, or to be acting in behalf
12         of the NOTE holder and owner, to enforce the DEED or NOTE under ORS
13         73.0201 to ORS 73.0304, in any court of law within the jurisdiction of the
14         United States or that allowed any of the defendants to foreclose on the DEED
15         or quit claim deed of plaintiff.

16    12.   On October 31, 2008, substitute trustee for Defendant, Nomura Home Equity
17         Home Loan, Inc, defendant, Kelly D. Sutherland and defendant, Shapiro &
18         Sutherland L.L.C., in a scheme devised to defraud and obtain plaintiff's home,
19         with associates in fact Nomura Home Equity Home Loan Inc., HSBC Bank
20         USA and Ocwen Loan Servicing, in a pattern of racketeering activity by
21         means of false, fraudulent means had sent a Trustee's Notice of Sale, which
22         was sent and transmitted by postal service through interstate commerce, in
23         violation of 18 U.S.C. § 1341, from defendants, Kelly D. Sutherland and
24         Shapiro & Sutherland L.L.C. office in Vancouver, Washington, to the

1           Multnomah County Records Office, for the intended purpose and attempts to

2           foreclose upon plaintiff home in a pattern of racketeering activity, and scheme

3           devised with defendants, Nomura Home Equity Home Loan, Inc, HSBC Bank

4           USA and Ocwen Loan Servicing, associates in fact, who provided support for

5           the illegal and fraudulent scheme to defraud plaintiff of his home, through

6           their activities to mask, conceal and condone, directly and indirectly, the

7           fraudulent scheme by defendants, Kelly D. Sutherland, Nomura Home Equity

8           Home Loan, Inc., HSBC Bank USA, and Ocwen loan Servicing, falsely

9           representing to the holder and owner of the NOTE, and/or to be acting in

10          behalf of the holder and owner of the NOTE required under ORS 73.0201 to

11          ORS 73.0304, when none of the defendants, Kelly D. Sutherland, Shapiro &

12          Sutherland L.L.C. Nomura Home Equity Home Loan, Inc., HSBC Bank USA,

13          and Ocwen Loan Servicing, were holders and owners of the NOTE, or acting

14          in behalf of the Note holder and owner, as required under ORS 73.0201 to

15          ORS 73.0304, to enforce foreclosure.

16   13.    Defendants, Kelly D. Sutherland, Nomura Home Equity Home Loan Inc,

17          HSBC Bank USA,. Ocwen Loan Servicing, and Shapiro & Sutherland L.L.C,

18          knew or should have known that the activities complained of would use the

19          mail or wires in furtherance of the activities and schemes.

20   14.    Defendants, Nomura Home Equity Home Loan, Inc; HSBC Bank USA,

21          National Association; Kelly D. Sutherland, Shapiro & Sutherland L.L.C,

22          Ocwen Loan Servicing are all enterprises engaged in interstate commerce,

23          including during, and at all time defendants schemed and devised with intent

24          and attempts to defraud plaintiff of plaintiff's home (property).

1    15.    On February 25, 2009, plaintiff filed chapter 7 bankruptcy in the United States

2           bankruptcy court, case no. 09-31131-tmb7.

3    16.    Upon plaintiff filing chapter 7 bankruptcy all debts owed by plaintiff was

4           placed under automatic stay pursuant to 11 U.S.C. section 362(a) from being

5           collected unless the creditor(s) had pecuniary interest as economical

6           beneficiaries, real party in interest standing before the court by being holders

7           and owners of the NOTE, or acting in behalf of the holder and owner of the

8           NOTE, to bring the Motion for Relief From Stay under ORS 73.0201 to ORS

9           73.0304, to foreclose on the debt owed under the NOTE.

10   17.    Defendants, Kelly D. Sutherland, received income derived, directly and

11          indirectly  from the pattern of racketeering activities set forth in paragraphs 10

12          to 14 and paragraphs 18 to 21 from defendant Nomura Home Equity Home

13          Loan Inc, HSBC Bank USA,. Ocwen Loan Servicing, as attorney for each, and

14          as trustee for defendant Nomura Home Equity Home Loan, Inc, HSBC Bank

15          USA and Ocwen Loan Servicing into Shapiro & Sutherland L.L.C., and

16          defendant, Kelly D. Sutherland, has directly and indirectly maintained a

17          interest and control in the enterprise, Shapiro & Sutherland LLC, through the

18          pattern of racketeering activities described in paragraphs 10 to 14 to

19          paragraphs 18 to 21 and has directly and indirectly participated in Nomura

20          Home Equity Home Loan, Inc., HSBC Bank USA, and Ocwen Loan Servicing

21          by acting as a trustee for Nomura Home Equity Home Loan, Inc., and attorney

22          for Nomura Home Equity Home Loan, Inc., HSBC Bank USA, and Ocwen

23          Loan Servicing, while engaged in the fraudulent scheme, with intent and

24          attempts to defraud plaintiff of his home through a pattern of racketeering

1              activities described in paragraphs 10 to 14 and paragraphs 18 to 21.

2     18.    Defendants, Kelly D. Sutherland, is employed by and maintained a business

3              partnership interest in Defendant, Shapiro & Sutherland, by having entering

4              into and engaging in a scheme devised with defendants Nomura Home Equity

5              Home Loan, Inc., HSBC Bank USA and Ocwen Loan Servicing, who

6              provided support for the illegal and fraudulent scheme to defraud plaintiff of

7              his home through their actions to mask, conceal, and condone, directly and

8              indirectly, the illegal and fraudulent scheme, through a pattern of racketeering

9              activities with intent, and in attempts, to defraud plaintiff of his home by

10             means of false and fraudulent pretenses and representations by preparing and

11             having transmitted by means of electronic wire or had transmitted by Postal

12             Service (mail), through interstate commerce, in violation of 18 U.S.C. section

13             1341 and/or 1343, from Vancouver, Washington, to the United States

14             bankruptcy court of Oregon on April 7, 2009, a Notice of Motion For Relief

15             from Stay and Motion For Relief From Stay, and filing fees for the notice and

16             motion for relief from stay; and transmitted by means of Postal Service (mail)

17             through interstate commerce, in violation of 18 U.S.C. § 1341, a copy of the

18             Notice of Motion For Relief from Stay and Motion For Relief From Stay to

19             plaintiff on April 9, 2009, and fraudulently falsely represented to have

20             pecuniary, real party in interest under 11 U.S.C. § 362(h) as holder and owners

21             of the NOTE, or to be acting in behalf of the holder and owner of the NOTE,

22             giving all defendants, Kelly D. Sutherland, Nomura Home Equity Home Loan,

23             Inc, HSBC Bank USA and Ocwen Loan Servicing prudential standing, as real

24             parties in interest, to apply for the relief from stay with the United States

1          bankruptcy court of Oregon.

2     19.   Defendants, Kelly D. Sutherland, Shapiro & Sutherland LLC, Nomura Home

3          Equity Home Loan, Inc,; HSBC Bank USA and Ocwen Loan Servicing sought

4          to have the stay removed by false and fraudulent misrepresentation with intent,

5          and attempted purpose of obtaining plaintiff's home by means of a fraudulent

6          foreclosure scheme, inasmuch as, none of the defendants, Nomura Home

7          Equity Home Loan, Inc., HSBC Bank USA, Ocwen Loan Servicing, Kelly D.

8          Sutherland or Shapiro & Sutherland L.L.C. were holders and owners of the

9          NOTE, or were acting in behalf of the Note holder and owner, or had real

10         party interest under 11U.S.C. § 362(h) to enforce the NOTE or to seek relief

11         from stay in the bankruptcy court or to seek foreclosure proceeding against

12         plaintiff under state law pursuant ORS 73.0201 to ORS 73.0304.

13    20.   Defendants, HSBC Bank USA, Nomura HOME Equity Home Loan, Inc., and

14         Ocwen Loan Servicing, has provided support for the illegal and fraudulent

15         scheme to defraud plaintiff of his home, though their actions to mask, conceal

16         and condone, directly and indirectly, the illegal and fraudulent scheme by

17         coming before the United States bankruptcy court of Oregon on motion for

18         relief from stay and falsely and fraudulently misrepresented defendants were

19         real parties in interest under 11 U.S.C. § 362(h), having pecuniary interest to

20         enforce the NOTE, when in fact none of the defendants, Nomura Home Equity

21         Home Loan, Inc., HSBC Bank USA or Ocwen Loan Servicing, were holders

22         and owners of the NOTE, and defendants knew none of them were owners of

23         the NOTE, or were acting in behalf of the holder and owner of the NOTE, or

24         had real party in interest under 11 U.S.C. § 362(h), in a fraudulent scheme

1          with defendant, Kelly D. Sutherland, and Shapiro & Sutherland, LLC, who

2          prepared the motion for relief from stay and had transmitted by electronic wire

3          or Postal Service, through interstate commerce, in violation of 18 U.S.C. §

4          1341 and/or 1343, from Vancouver, Washington to the United States

5          bankruptcy court of Oregon; and defendants knew none of them, including

6          defendant, Kelly D. Sutherland, had prudential standing, real party in interest

7          under 11 U.S.C.§ 362(h), to enforce the NOTE which allowed the defendants

8          to bring the motion for relief from stay, and defendants brought it falsely and

9          fraudulently with the intent, and attempts, to  remove the stay to fraudulently

10         foreclosed upon plaintiff's home.

11   21.   Defendant, Kelly D. Sutherland, Shapiro & Sutherland LLC, in fraudulent

12         scheme with defendants, Nomura Home Equity Home Loan, Inc., HSBC Bank

13         USA and Ocwen Loan Servicing, associates in fact, did with intent, and

14         attempts, to fraudulently obtain plaintiff's home, by false and fraudulent

15         pretenses and misrepresentation, had a hearing on May 19, 2009, by means of

16         transmitted electronic wire through interstate commerce, in violation of 18

17         U.S.C. §1343, on the motion for relief from stay, to fraudulently remove the

18         stay with intent, and attempts, to foreclose on plaintiff's home, and was

19         granted relief from stay by Judge, Trish M. Brown, on or about May 19 2009;

20         although defendants, Kelly D. Sutherland, Shapiro & Sutherland LLC,

21         Nomura Home Equity Home Loan, Inc, HSBC Bank USA and Ocwen Loan

22         Servicing had no pecuniary interest or prudential standing, as real party in

23         interest under 11 U.S.C. § 362(h), to obtain the relief from stay under ORS

24         73.0201 to ORS 73.0304 or Article III of the United States Constitution.

1  22.  Defendant, Kelly D. Sutherland knowingly conspired   with defendants,
2        Nomura Home Equity Home Loan Inc., HSBC Bank USA and Ocwen Loan
3        Servicing, associates in fact, who all provided support for the illegal and
4        fraudulent scheme to defraud plaintiff of his home through their actions to
5        condone, mask and conceal, directly and indirectly, the illegal and fraudulent
6        scheme, through a pattern of racketeering activity, described in paragraphs 10
7        to 14 and paragraphs 17 to 21, by false and fraudulent pretenses and
8        misrepresentations, petitioned the United States bankruptcy court of Oregon to
9        remove the stay under 11 U.S.C. § 362(h) and foreclose upon plaintiff home in
10       violation of 18 U.S.C. § 1962(d).

11  23.  On May 19, 2009, Judge Trish Brown, granted the Motion For Relief From
12       Stay when there was no evidence, the motion was not presented as required by
13       4001( ) of the local rules to give Judge Trish Brown, Article III Constitutional
14       standing to grant the Motion For Relief From Stay

15  24.  Plaintiff as injured by Defendants, Kelly D. Sutherland, Shapiro & Sutherland
16       LLC., HSBC Bank USA, Nomura Home Equity Home Loan, Ocwen Loan
17       Servicing fraudulent scheme devised to obtain plaintiff's home when plaintiff
18       had leased the home January 1, 2008, for a eighteen (18) month period and
19       upon the lessee learning that foreclosure was impeding April 14, 2008,
20       causing the lessee to withdraw from the lease July 1, 2008, thereby causing
21       plaintiff having to reimburse the lessee the remaining twelve (12) months on
22       the lease in the amount of $12,600.

23  25.  Pursuant to 18 U.S.C. section 1964(c) plaintiff is entitled to recover treble
24       damages for such actual damages in the amount of $37,800.00 against

1    defendants, and each of them.

2            IV.    VIOLATION OF AUTOMATIC STAY 11 U.S.C. § 362(h)

3                                    FACTS

4    26.    On July 28, 2006, Michael D. Feil and Heather A. Feil, were loaned

5           $237,500.00, on a promissory note payable to American Mortgage Express

6           Financial DBA, to purchase a home. Mortgage Electronic Registration

7           System, Inc. (hereinafter MERS) was designated grantee, solely as nominee

8           for lender, American Mortgage Express Financial DBA, and beneficiary under

9           the trust deed (hereinafter DEED).

10   27.    On December 4, 2007, borrowers, Michael D Feil and Heather A. Feil,

11          transferred title of the DEED to plaintiff.

12   28.    On March 21, 2008, MERS, acting solely as nominee/beneficiary for

13          American Mortgage Express Financial DBA purportedly assigned/transferred

14          the DEED over to Defendant, Nomura Home Equity Home Loan, Inc, who

15          designated Defendant, HSBC Bank USA, National Association, as trustee. A

16          substitution of trustee under the DEED was allegedly made designating

17          Defendant Kelly D. Sutherland, a partner of Defendant, Shapiro & Sutherland

18          L.L.C., as trustee.

19   29.    The promissory note (hereinafter NOTE) that was signed over to American

20          Mortgage Express Financial DBA, by Michael D. Feil and Heather A. Feil, for

21          a loan to purchase a home was not assigned/transferred from MERS or

22          American Mortgage Express Financial DBA, under ORS 73.0201, to ORS

23          73.0304, over to Defendants, Nomura Home Equity Home Loan, Inc., HSBC

24          Bank USA, National Association, or Ocwen Loan Servicing, Kelly D.

| 1 | | Sutherland or Shapiro & Sutherland L.L.C., giving any of the Defendants |
| 2 | | Nomura Home Equity Home Loan, Inc., HSBC Bank USA, Ocwen Loan |
| 3 | | Servicing, Kelly D. Sutherland or Shapiro & Sutherland L.L.C., a pecuniary |
| 4 | | interest, as economical beneficiaries, or real party in interest standing, as |
| 5 | | holder of the NOTE, to enforce the DEED or NOTE under ORS 73.0201, to |
| 6 | | ORS 73.0304, in any court of law within the jurisdiction of the United States |
| 7 | | or that allowed any of the defendants to foreclose on the DEED or quit claim |
| 8 | | deed of plaintiff. |
| 9 | 30. | On February 25, 2009, plaintiff filed chapter 7 bankruptcy in the United States |
| 10 | | bankruptcy court, case no. 09-31131-tmb7. |
| 11 | 31. | Upon plaintiff filing chapter 7 bankruptcy all debts owed by plaintiff was |
| 12 | | placed under automatic stay pursuant to 11 U.S.C. §362(a) from being |
| 13 | | collected unless the creditor(s) had pecuniary interest as economical |
| 14 | | beneficiaries, real part in interest standing before the court by being holders |
| 15 | | and owners of the NOTE, or acting in behalf of the holder and owner of the |
| 16 | | NOTE, to bring the Motion For Relief From Stay under ORS 73.0201, to ORS |
| 17 | | 73.0304, and Article III of the United States Constitution to foreclose on the |
| 18 | | debt owed under the NOTE. |
| 19 | 32. | Defendant, Kelly D. Sutherland, is employed by and maintained a business |
| 20 | | partnership interest in Shapiro & Sutherland L.L.C., and did enter into and |
| 21 | | engage in a scheme devised with defendants, Nomura Home Equity Home |
| 22 | | Loan, Inc, HSBC Bank USA and Ocwen Loan Servicing, with intent, and in |
| 23 | | attempts, to obtain plaintiff home did by means of false and fraudulent |
| 24 | | pretenses represent by preparing and having transmitted by means of |

1       electronic wire or had transmitted by postal service (mail), through interstate

2       commerce, from Vancouver, Washington, to the United States Bankruptcy

3       Court of Oregon on April 7, 2009,a Notice of Motion For Relief From Stay

4       and Motion For Relief From Stay, and filing fees for the notice and motion for

5       relief from stay, and transmitted by means of postal service (mail), through

6       interstate commerce, a copy of the Notice of Motion For Relief From Stay and

7       Motion For Relief From Stay to plaintiff on April 9, 2009, and fraudulently

8       and falsely represented to have pecuniary interest, real party in interest under

9       11 U.S.C.§ 362(h), as holders and owners of the NOTE, or to be acting in

10      behalf of the holder and owner of the NOTE, giving all defendants, Kelly D.

11      Sutherland, Nomura Home Equity Home Loan, Inc, HSBC Bank USA and

12      Ocwen Loan Servicing, prudential standing, real [party in interest, to apply for

13      the relief from stay with the United States Bankruptcy Court of Oregon.

14  33. Defendant's, Kelly D. Sutherland, Nomura Home Equity Home Loan, Inc,

15      HSBC Bank USA and Ocwen Loan Servicing sought to have the stay removed

16      by false and fraudulent misrepresentations with intent, and attempted purpose

17      of obtaining plaintiff's home by means of fraudulent foreclosure scheme,

18      inasmuch as, none of the defendant's, Nomura Home Equity Home Loan, Inc,

19      HSBC Bank USA Ocwen Loan Servicing Kelly D. Sutherland, Shapiro &

20      Sutherland LLC were holders and owners of the NOTE, or had real party in

21      interest, pecuniary interest, prudential standing under 11 U.S.C § 362(h) to

22      enforce the NOTE or authorized to seek relief from stay in the bankruptcy

23      court, or to seek foreclosure proceeding against plaintiff under ORS 73.0201

24      to ORS 73.0304 or Article III of the United States Constitution.

1

2    34.    Defendants, HSBC Bank USA, who was trustee for defendant, Nomura Home

3          Equity Home Loan, Inc., and Ocwen Loan Servicing, came before the United

4          State misrepresented that they were real party in interest under 11 U.S.C. sec

5          362(h), having pecuniary interest in behalf of defendant, Nomura Home

6          Equity Home Loan, Inc., to enforce the Note, when in fact none of the

7          defendants, Nomura Home Equity Home Loan, Inc.  HSBC Bank USA or

8          Ocwen Loan Servicing, were holders and owners of the Note, and defendants

9          knew none of them were owners of the Note, or were acting in behalf of the

10         holder and owner of the Note, or had real party in interest under 11 USC Sec

11         362 (h), in a conspiratorial scheme with defendant, Kelly D. Sutherland and

12         Shapiro & Sutherland LLC, who prepared the motion for relief from stay and

13         had it transmitted by electronic wire or postal service (mail), through interstate

14         commerce, from Vancouver, Washington to the United States bankruptcy

15         court of Oregon, and defendants knew none of them, including defendant,

16         Kelly D. Sutherland, had prudential standing, real party in interest under 11

17         U.S.C. Sec 362(h) to enforce the Note, which allowed defendants to bring the

18         motion for relief from stay, and defendants brought it falsely and fraudulently

19         with the intent, and attempts, to remove the stay fraudulently to foreclose upon

20         plaintiff's home.

21   35.    Defendant, HSBC Bank USA, who is trustee for defendant, Nomura Home

22         Equity Home Loan, Inc., and Ocwen Loan Servicing, who are agents of

23         Nomura Home Equity Home Loan, Inc., came before the United States

24         Bankruptcy Court of Oregon on motion for relief from stay and fraudulently,

1       and falsely misrepresented that they were real party in interest under 11 U.S.C.

2       Sec 362(h), having pecuniary interest without joining their principal to the

3       motion, Nomura Home Equity Home Loan, Inc.

4   36.  In furtherance of the conspiratorial scheme to fraudulently obtain plaintiff's

5       home defendant, Kelly D. Sutherland, in conspiratorial scheme with

6       defendant, Nomura Home Equity Home Loan, Inc., HSBC Bank USA and

7       Ocwen Loan Servicing, did with intent to fraudulently obtain plaintiff's home,

8       by false and fraudulent pretenses and misrepresentation, have a hearing on

9       May 19, 2009, by means of transmitted electronic wire, through interstate

10      commerce, on the motion for relief from stay, to fraudulently remove the stay

11      with intent, and attempts, to foreclose on plaintiff's home, before Judge Trish

12      Brown, although defendants, Kelly D. Sutherland, Nomura Home Equity

13      Home Loan, Inc.  HSBC Bank USA and Ocwen Loan Servicing had no

14      pecuniary interest or prudential standing as real party in interest under 11

15      U.S.C. Sec 362(h) to obtain the relief from stay under ORS 73.0201 to ORS

16      73.0304.

17  37.  As a result of defendants, Kelly D. Sutherland, Nomura Home Equity Home

18      Loan, Inc. HSBC Bank USA and Ocwen Loan Servicing fraudulent devised

19      scheme and false misrepresentation described in paragraphs 26 to 36, Judge

20      Trish Brown, erroneously granted defendants motion for relief from stay,

21      which was entered May 27, 2009, when there was no evidence, the Note,

22      presented as required by ORS 73.0201 to ORS 73,0304, and Article III of the

23      United States Constitution by defendants, Kelly D. Sutherland, Nomura Home

24      Equity Home Loan, Inc., HSBC Bank USA, or Ocwen Loan Servicing, giving

| | | |
|---|---|---|
| 1 | | any of the defendants real party in interest under 11 U.S.C. Sec 362(h). |
| 2 | 38. | Defendants, Kelly D.Sutherland, Nomura Home Equity Home Loan, Inc., |
| 3 | | HSBC Bank USA, and Ocwen Loan Servicing all knew they were not the |
| 4 | | owners and all defendants knew they were not acting in behalf of the holders |
| 5 | | and owners of the Note before filing the motion for relief from stay, giving |
| 6 | | any of the defendants, Kelly D. Sutherland, Nomura Home Equity Home |
| 7 | | Loan, Inc., HSBC Bank USA, or Ocwen Loan Servicing, prudential standing, |
| 8 | | as economical beneficiaries, real party in interest under 11 U.S.C. Sec 362(h), |
| 9 | | to bring the motion for relief from stay and enforce the Note, to have the |
| 10 | | automatic stay removed or granted by Judge Trish Brown, in violation of 11 |
| 11 | | U.S.C Sec 362(h), and defendants, Kelly D. Sutherland, Nomura Home Equity |
| 12 | | Home Loan, Inc., HSBC Bank USA, and Ocwen Loan Servicing, all knew |
| 13 | | their conduct and actions in seeking relief from stay were willfully, |
| 14 | | knowingly, and maliciously being done to violate 11 U.S.C. Sec 362(h). |

15        **SUPPLEMENTAL STATE TORT CLAIM 28 U.S.C. SECTION 1376(c)**

| | | |
|---|---|---|
| 16 | 39. | On July 29, 2006, Michael D. Feil, and Heather A. Feil, borrowers, were |
| 17 | | loaned 237,500.00, on promissory Note payable to lender, American Mortgage |
| 18 | | Express Financial DBA, to purchase a home. Mortgage Electronic |
| 19 | | Registration System, Inc., (hereinafter MERS) was designated grantee, solely |
| 20 | | as nominee for lender, American Mortgage Express Financial DBA, and |
| 21 | | beneficiary under the trust deed (hereinafter DEED). |
| 22 | 40. | On December 4, 2007, borrowers, Michael D. Feil, and Heather A. Feil, |
| 23 | | transferred title of the DEED to plaintiff. |
| 24 | 41. | On March 21, 2008, MERS, acting solely as nominee/beneficiary for |

1          American Mortgage Financial DBA, purportedly assigned/transferred the

2          DEED over to defendants, Nomura Home Equity Home Loan, Inc., who

3          designated defendant, HSBC Bank USA, National Association, as trustee.  A

4          substitution of trustee under the DEED was allegedly made designating

5          defendant, Kelly D. Sutherland, a partner of defendant, Shapiro & Sutherland

6          LLC., as trustee.

7    42.   The promissory note (hereinafter Note) that was signed over to American

8          Mortgage Express Financial DBA, by Michael D. Feil and Heather A. Feil, for

9          a loan to purchase a home was not assigned/transferred from MERS or

10         American Mortgage Express Financial DBA, under ORS 73.0201 to ORS

11         73.0304, over to defendants, Nomura Home Equity Home Loan, Inc; HSBC

12         Bank USA, National Association; or Ocwen Loan Servicing; Kelly D.

13         Sutherland; or Shapiro & Sutherland L.L.C., giving any of the defendants,

14         Nomura Home Equity Home Loan, Inc., HSBC Bank USA; Ocwen Loan

15         Servicing; Kelly D. Sutherland or Shapiro & Sutherland L.L.C., who are

16         falsely claiming to own Note, or to be acting in behalf of the holder and owner

17         of the Note, a pecuniary interest, as economical beneficiaries, or real party in

18         interest standing, as holders and owners of the Note, or to be acting in behalf

19         of the Note holder, and owner to enforce the Note under ORS 73.0201 to ORS

20         73.0304, in any court of law within the jurisdiction of the United States that

21         allowed any of the defendants to foreclose on the DEED or quit claim deed of

22         plaintiff.

23   43.   Defendant, Kelly D. Sutherland, on October 31, 2008, in conspiratorial

24         concert with defendants, Nomura Home Equity Home Loan, Inc., HSBC Bank

1      USA, and Ocwen Loan Servicing, did with intent to defraud plaintiff of

2      plaintiff's home, and unlawfully foreclose upon plaintiff home, did by false

3      material and knowing representation to plaintiff, through the filing of

4      Trustee's Notice Of Sale with the Multnomah County Recorders Office, and

5      sending a copy to plaintiff, purport that defendants, Kelly D. Sutherland,

6      Nomura Home Equity Home Loan, Inc., and HSBC Bank USA, were

7      economical pecuniary beneficiaries and holder and owner of the promisorry

8      Note, or acting in behalf of the holder and owner of the Note, of the property

9      deeded over to plaintiff by Michael and Heather Feil, which lawfully enabled

10     defendants, Kelly D. Sutherland, Nomura Home Equity Home Loan, Inc., and

11     HSBC Bank USA, to foreclose on the deed securing the obligation of the Note

12     under ORS 73.0201 to ORS 73.0304.

13  44.  Defendant Kelly D. Sutherland, Nomura Home Equity Home Loan, Inc.,

14     HSBC Bank USA, and Ocwen Loan Servicing intended for plaintiff to rely

15     and act upon the false material representation of them purporting they were

16     economical pecuniary beneficiaries and holder and owners of the Note, or

17     were acting in behalf of the holder and owner of the Note, enabling defendants

18     to foreclose on the property deeded over to plaintiff.

19  45.  Plaintiff in ignorance of defendants, Kelly D. Sutherland, Nomura Home

20     Equity Home Loan, Inc., HSBC Bank USA, and Ocwen Loan Servicing,

21     material false representations relied upon defendants material false

22     representation that defendants, Kelly D. Sutherland, Nomura Home Equity

23     Home Loan, Inc., HSBC Bank USA, and Ocwen Loan Servicing, were

24     economical pecuniary beneficiaries and holders and owners of the Note

1      secured by the DEED, or were acting in behalf of the holder and owner of the

2      Note, which lawfully enabled defendants, Kelly D. Sutherland, Nomura Home

3      Equity Home Loan, Inc., HSBC Bank USA, and Ocwen Loan Servicing, to

4      seek foreclosure of plaintiff's home, and plaintiff reliance was a result of

5      plaintiff's belief that defendants were reputable businesses licensed by the

6      State of Oregon to conduct business which further cause plaintiff to believe

7      that defendants representation were true.

8  46.  Defendants misrepresentation to plaintiff were made with malice,

9      alternatively, defendants has shown a reckless and outrageous indifference to a

10     highly unreasonable risk of harm to plaintiff.

11 47.  Plaintiff was injured by defendants material false representations and

12     conspiratorial scheme to foreclose on plaintiff's home by plaintiff having

13     acted on the material false representation and thereafter sought bankruptcy

14     proceedings, causing plaintiff bad credit ratings, emotional and mental distress

15     and causing plaintiff having to reimburse lessee of plaintiff's home, which had

16     been leased for eighteen (18) months on January 1, 2008, upon the lessee

17     learning that foreclosure was impeding April 14, 2008, causing the lessee to

18     withdraw from the lease July 1, 2008, thereby causing plaintiff having to

19     reimburse the lessee the remaining twelve (12) months on the lease in the

20     amount of 12,600.00.

21                              RELEIF

22 48.  Plaintiff seeks actual damages pursuant to 18 U.S.C. Sec 1964(c) in the

23     amount of 37,800, against each defendant.

24 49.  Plaintiff seeks punitive damages pursuant to 11 U.S.C. Sec 362k(1) in the

1  amount of 750,000.00 from each defendant for malicious violation of

2  11U.S.C. Sec 362(a) and (h).

3  50.  Plaintiff seeks economical damages in the amount of 12,600.00 from

4  defendants for actual damages for fraud under state law.

5  51.  Plaintiff seeks non economical damages in the amount of 2,000,000.00 for

6  emotional and mental distress from each defendant for violation of fraud under

7  state law.

8  52.  Plaintiff seeks punitive damages in the amount of 3,000,000.00 from each

9  defendant for violation of fraud under state law.

10  53.  Costs for the litigation of this proceeding.

11  54.  Plaintiff has suffered damages to his credit rating in an amount to be

12  determined at trial.

13  VERIFICATION

14  STATE OF OREGON )

15  ) SS

MARION COUNTY  )

16

17  COMES NOW Affiant Tyrone Blocker, being first duly sworn upon oath deposes and

says the following is true upon affiant's personal knowledge and belief:

18

19  The facts contained in paragraphs eight (8) through forty seven (47) are true and

correct.

20

21  Sworn and Subscribed before me this __|__ day of _April_ _____,2010.

22  _Tyrone Blocker_

Signature of Affiant

23  _Shawn Jenne_

Signature of Notary State of Oregon

24  _06/03/12_

My Commission Expires



OFFICIAL SEAL
SHAWN JENNE
NOTARY PUBLIC-OREGON
COMMISSION NO. 429589
MY COMMISSION EXPIRES JUNE 03, 2012

1

2                           **CERTIFICATION OF SERVICE**

3

4          **COMES NOW** Plaintiff, Tyrone Blocker, and certify that a true and correct copy of the

5  First Amended Complaint has been served upon Attorney for Defendants, HSBC Bank

6  USA/Ocwen Loan Servicing / James N Esterkin at 210 SW Morrison, Suite 600 Portland, OR

7  97204, this ___1___ day of ___April L_____, 20_10_, by placing a true copy in an envelope

8  addressed above and giving it to the Law Library Coordinator, S. Jenne at the Santiam

9  Correctional Institution for mailing

10

11

12                                                    _Tyrone Blk_____
                                                      Tyrone Blocker
13                                                    SID # 5913205
                                                      4005 Aumsville Hwy SE
14                                                    Salem, Or. 97317-9112

15

16

17

18

19

20

21

22

23

24