Below is an Opinion of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Case |
| | ) | No. 09-31131-rld7 |
| TYRONE BLOCKER, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TYRONE BLOCKER, | ) | Adv. Proc. 09-03361-rld |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| NOMURA HOME EQUITY HOME LOAN, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

I heard the defendants' Motion for Summary Judgment in this adversary proceeding ("Adversary Proceeding") on August 12, 2010 (the "Hearing") and took the matter under advisement. In his First Amended Complaint ("Amended Complaint") in this Adversary Proceeding, the plaintiff Tyrone Blocker ("Mr. Blocker") purports to assert federal civil RICO claims and related Oregon state tort law claims against the defendants Nomura Home Equity Home Loan, Inc. ("Nomura"), HSBC Bank USA,

Page 1 - MEMORANDUM OPINION

National Association ("HSBC"), Ocwen Loan Servicing ("Ocwen"), Shapiro & Sutherland LLC ("Shapiro & Sutherland"), and Kelly D. Sutherland ("Mr. Sutherland"). Defendants are referred to collectively herein as the "Defendants." In its essence, Mr. Blocker is asserting that Defendants conspired wrongfully and fraudulently to foreclose his interest in a residence located at 12620 S.E. Cora Street, Portland, Oregon 97236 (the "Property"). He also asserts in the Amended Complaint that the Defendants violated the automatic stay under § 362(a)[1] in his individual chapter 7 bankruptcy case. Defendants deny Mr. Blocker's allegations and assert that they are entitled to summary judgment because Mr. Blocker has no standing to assert the claims set forth in the Amended Complaint, and in any event, "there is no factual nexus between any events complained of and any damage to Mr. Blocker." Defendants' Memorandum of Law in Support of Motion for Summary Judgment, Docket No. 52, at p. 3.

I have jurisdiction to decide the Defendants' Motion for Summary Judgment under 28 U.S.C. §§ 1334 and 157(a) and (b).

Following the Hearing, I have reviewed the Adversary Proceeding pleadings and the parties' evidentiary submissions, as well as applicable legal authorities. I also have taken judicial notice of the dockets and documents filed in Mr. Blocker's chapter 7 case, case number 09-31131-rld7 ("Blocker Main Case"), and in the chapter 7 case of Mr. Blocker's sister, Cynthia Thompson ("Ms. Thompson"), case no. 09-38579-elp7 ("Thompson Main Case") for purposes of confirming and ascertaining facts

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as Civil Rules.

Page 2 - MEMORANDUM OPINION

not reasonably in dispute. Federal Rule of Evidence 201; <u>In re Butts</u>, 350 B.R. 12, 14 n.1 (Bankr. E.D. Pa. 2006).

This Memorandum Opinion sets forth my conclusions of law in light of the evidentiary record before me pursuant to Civil Rule 52(a), applicable in the Adversary Proceeding pursuant to Rule 7052.

<u>Factual Background</u>

A. <u>Fact Sources</u>

The following facts have been gleaned from the dockets in the Adversary Proceeding, the Blocker Main Case and the Thompson Main Case, and from Defendants' Concise Statement of Facts (Docket No. 51). In his Response to Defendants' Motion for Summary Judgment (Docket No. 65) ("Response"), Mr. Blocker does not contest the factual statements in Defendants' Concise Statement of Facts. However, in his Response, Mr. Blocker does contest the qualifications of Nichelle Jones to authenticate various documents submitted as exhibits to her Declaration, included in Docket No. 50, and supporting statements included in Defendants' Concise Statement of Facts. I treat his objection as raising authentication and hearsay issues with respect to said documents.

Federal Rule of Evidence 901(a) requires that documentary evidence be properly authenticated or identified prior to its admission. As a general matter, documents offered as evidence to prove the truth of what they contain are "hearsay." Federal Rule of Evidence 801. However, there is an exception to the inadmissibility of documents as hearsay for documents kept in the course of regularly conducted business activity. Federal Rule of Evidence 803(6).

In her Declaration, Ms. Jones declared under penalty of perjury

Page 3 - MEMORANDUM OPINION

and based on her personal knowledge, that she was employed by Ocwen and
was duly authorized to make the statements included in her Declaration.
She further declared that she was familiar with the manner and procedures
by which Ocwen obtained, prepared and maintained its business records.
She declared that such records are prepared and maintained by Ocwen's
employees or agents "in the performance of their regular business duties
at or near the time, and conditions, and/or event recorded therein." She
also stated that she had knowledge of and/or access to Ocwen's business
records, and specifically, the Note and Deed of Trust that are subjects
of the Adversary Proceeding, and she personally had reviewed the Note and
Deed of Trust prior to signing her Declaration. She went on to identify
the Note, Deed of Trust and Assignment of the Deed of Trust attached as
Exhibits 1, 2 and 3 to her Declaration. Her Declaration was adequate to
authenticate those exhibits as business records of Ocwen, kept in the
regular course of its business. Accordingly, I overrule Mr. Blocker's
objection to consideration of the documents attached as exhibits to Ms.
Jones' Declaration, finding them properly authenticated and admissible
under the "business records" exception to the hearsay rule. See United
States v. Smith, 609 F.2d 1294, 1301-02 (9th Cir. 1979); Sicherman v.
Diamoncut, Inc. (In re Sol Bergman Estate Jewelers, Inc.), 225 B.R. 896,
901 (BAP 6th Cir. 1998), aff'd, 208 F.3d 215 (6th Cir. 2000); and In re
Exide Technologies, 340 B.R. 222, 244 (Bankr. D. Del. 2006).

B.  Facts in the Record

On or about July 28, 2006, Michael D. Feil and Heather A. Feil
(the "Feils"), as tenants by the entirety, signed and delivered to
American Mortgage Express Financial dba Millennium Funding Group, an

Page 4 - MEMORANDUM OPINION

adjustable-rate promissory note in the principal amount of $237,500, bearing interest at 8.625% per annum (the "Note"). The Note was secured by a deed of trust ("Deed of Trust") on the Property, recorded August 7, 2006. The beneficial interests under the Note and Deed of Trust were assigned to HSBC, as trustee for the registered holders of Nomura asset-backed certificates, Series 2007-2, by an assignment ("Assignment") recorded on March 25, 2010.

Ocwen is the authorized servicing agent for HSBC. Mr. Sutherland of Shapiro & Sutherland was appointed as successor trustee under the Deed of Trust. The Substitution of Trustee form appointing Mr. Sutherland as successor trustee under the Deed of Trust was recorded on April 14, 2008.

The Note and Deed of Trust are in default, and monthly installment payments are owing from September 1, 2007 forward. Mr. Sutherland has been instructed to begin foreclosure proceedings with respect to the Property pursuant to ORS 86.700 et seq. Mr. Sutherland currently has possession of the original Note.

A quitclaim deed ("Blocker Quitclaim Deed") from the Feils to Mr. Blocker was signed on November 7, 2007 and recorded on December 4, 2007. The stated consideration for the transfer of the Property on the Blocker Quitclaim Deed is $1.00.

A quitclaim deed ("Thompson Quitclaim Deed") from Mr. Blocker to Ms. Thompson was signed on February 23, 2009 and recorded on October 16, 2009. The stated consideration for the transfer of the Property on the Thompson Quitclaim Deed is $25,000, with a $5,000 downpayment.

Page 5 - MEMORANDUM OPINION

Mr. Blocker filed his chapter 7 petition on February 25, 2009. In spite of Mr. Blocker having transferred all of his "right, title and interest" in and to the property to Ms. Thompson by the Thompson Quitclaim Deed two days earlier, on February 23, 2009, Mr. Blocker asserted under penalty of perjury in his schedules that he was the "owner" of the Property and claimed a homestead exemption in the Property. Blocker Main Case Docket No. 12, Schedules A and C.

On April 20, 2009, Mr. Sutherland filed a motion for relief from stay ("Stay Relief Motion") in behalf of HSBC and Ocwen to obtain relief from the automatic stay of § 362(a) in the Blocker Main Case to proceed with foreclosure against the Property. Blocker Main Case Docket No. 25. Mr. Blocker opposed the Stay Relief Motion. Blocker Main Case Docket Nos. 27 and 31. Following a hearing, the Stay Relief Motion was granted by order ("Blocker Stay Relief Order") entered on May 27, 2009. Blocker Main Case Docket No. 46. On August 28, 2009, Mr. Blocker filed a motion to vacate the Blocker Stay Relief Order. Blocker Main Case Docket No. 83. On September 17, 2009, Mr. Blocker filed a motion to reconsider the Blocker Stay Relief Order, essentially reiterating and expanding on his arguments made in the motion to vacate the Blocker Stay Relief Order. Blocker Main Case Docket No. 91. Following review of the documents and pleadings filed, the bankruptcy court denied Mr. Blocker's motion to vacate the Blocker Stay Relief Order, by order entered on September 18, 2009. Blocker Main Case Docket No. 93. Further, following review of the documents and pleadings filed, the bankruptcy court denied Mr. Blocker's motion to reconsider the Blocker Stay Relief Order, by order entered on September 21, 2009. Blocker Main Case Docket No. 95. Mr. Blocker filed

a timely notice of appeal of the bankruptcy court's order denying his motion to vacate the Blocker Stay Relief Order on September 30, 2009. Mr. Blocker filed a motion for a stay pending appeal on October 9, 2009. Blocker Main Case Docket No. 106. Following review of the documents and pleadings filed, the bankruptcy court denied Mr. Blocker's motion for stay pending appeal by order entered on October 14, 2009. Blocker Main Case Docket No. 110. Mr. Blocker filed a notice of appeal of the bankruptcy court's denial of his motion for stay pending appeal on October 22, 2009. Blocker Main Case Docket No. 118. Mr. Blocker's two appeals have been consolidated and are pending before the district court. See United States District Court for the District of Oregon Appeal Nos. 10-CV-127-KI and 10-CV-623-KI.

Ms. Thompson filed her chapter 7 petition on October 19, 2009. In her schedules, Ms. Thompson claimed a "rent to own" ownership interest in the Property but did not claim a homestead exemption in the Property. Thompson Main Case Docket No. 18, Schedules A and C. Mr. Sutherland filed a motion for relief from stay ("Thompson Stay Relief Motion") in behalf of HSBC and Ocwen to obtain relief from the automatic stay of § 362(a) in the Thompson Main Case to proceed with foreclosure against the Property. Thompson Main Case Docket No. 10. Ms. Thompson opposed the Thompson Stay Relief Motion. Thompson Main Case Docket No. 17. Following a series of hearings, including a final evidentiary hearing on March 16, 2010, the bankruptcy court granted the Thompson Stay Relief Motion by order ("Thompson Stay Relief Order") entered on March 23, 2010. Thompson Main Case Docket No. 52. Ms. Thompson filed a notice of appeal of the Thompson Stay Relief Order on April 7, 2010. Thompson Main Case

Docket No. 54. Ms. Thompson's appeal is pending before the district court. See United States District Court for the District of Oregon Appeal No. 10-CV-1018-KI.

### Legal Discussion

A. Summary Judgment Standards

Granting a motion for summary judgment is appropriate only if there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civil Rule 56(c); Rule 7056; State Farm Mutual Auto Ins. Co. v. Davis, 7 F.3d 180, 182 (9th Cir. 1993). "Material facts" are such facts as may affect the outcome of a case under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute concerning a material fact is "genuine" only if there is sufficient evidence to justify a finding in favor of the non-moving party. Id. However, all justifiable inferences from the evidence presented are to be considered in favor of the non-moving party. Id. at 255.

The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). However, once the moving party has met that burden, the burden shifts to the non-moving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1035 (9th Cir. 2006) (quoting T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d at 630). The non-moving party cannot rely on the allegations in its pleadings to meet that burden. Nelson v. Pima Community College, 83

Page 8 - MEMORANDUM OPINION

F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegations and speculation do not create a factual dispute for purposes of summary judgment").

B. <u>Standing</u>

Defendants argue that to the extent Mr. Blocker's claims for relief arose prior to the filing of his chapter 7 petition, those claims belong to his bankruptcy estate, rather than to him individually, and the real party in interest to assert such claims is the chapter 7 trustee. In addition, the defendants also argue that Mr. Blocker lacks standing because he conveyed all of his right, title and interest in and to the Property to Ms. Thompson by the Thompson Quitclaim Deed two days prior to his bankruptcy filing.

The question of standing involves both "constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975). Standing as a constitutional matter concerns whether the plaintiff's personal stake in the subject litigation is sufficient to constitute a "case or controversy" to which the federal judicial power may extend under Article III of the Constitution. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559-60 (1992). Prudential standing "is comprised of both judicially-created limitations, such as the prohibition on third-party standing ... and statutorily-imposed limitations, such as the [Civil] Rule 17(a) requirement" that claims be maintained by the real party in interest. <u>Gilmartin v. City of Tucson</u>, 2006 WL 5917165 *4 (D. Ariz. 2006) (citing <u>Lee v. Deloitte & Touche LLP</u>, 428 F. Supp. 2d 825, 831 (N.D. Ill. 2006).

With regard to the argument that the estate rather than Mr. Blocker owns any prepetition claims asserted by Mr. Blocker in the

Page 9 - MEMORANDUM OPINION

Adversary Proceeding, I note that from the outset of his chapter 7 case, Mr. Blocker claimed a homestead exemption with respect to the Property that in effect would be eliminated by a foreclosure sale. However, in any event, Mr. Blocker entered into a settlement ("Settlement") with his chapter 7 trustee pursuant to which, in consideration of Mr. Blocker withdrawing his objection to settlement of an estate claim against State Farm and waiver of any claim of exemption with respect to the State Farm settlement proceeds, the trustee abandoned any estate claims to the Property and to the claims asserted by Mr. Blocker in the Adversary Proceeding. See Blocker Main Case Docket No. 184. The Settlement notice provided that it would be effective if no objection was filed within 23 days after the Settlement notice date of February 18, 2010. No such objection was filed; so, the Settlement became effective. Any prepetition claims asserted in the Adversary Proceeding accordingly were abandoned to Mr. Blocker.

Mr. Blocker is on considerably thinner ice for standing purposes in light of his conveyance of all right, title and interest in and to the Property to his sister, Ms. Thompson, by means of the Thompson Quitclaim Deed two days prior to his bankruptcy filing. The Thompson Quitclaim Deed subsequently was recorded. However, the relationship between Mr. Blocker and Ms. Thompson with respect to the Property is confused in light of the schedules they have filed in their separate bankruptcy cases.

Mr. Blocker claims under penalty of perjury that he owns the Property and further claims a homestead exemption in the Property, in spite of the evidence of the Thompson Quitclaim Deed. Ms. Thompson

Page 10 - MEMORANDUM OPINION

claimed only a "rent to own" interest in the Property under penalty of perjury and did not claim a homestead exemption in the Property. In these circumstances, Mr. Blocker might not be able to withstand a standing challenge at trial, but I conclude, based on the contradictory evidentiary record before me, that a genuine issue of material fact exists as to whether Mr. Blocker in fact maintains an ownership interest in the Property, precluding summary judgment against him on the standing issue.

C. Lack of Evidence to Support the Claims for Relief

Despite my conclusion that granting summary judgment on the standing issues raised by Defendants is inappropriate, my ultimate conclusion is that summary judgment must be entered in favor of the Defendants against Mr. Blocker on all of his asserted claims for relief in the Amended Complaint for the following reasons.

1. Claims for Violation of the Automatic Stay

Mr. Blocker has provided no evidence that any of the Defendants has violated the automatic stay of § 362(a) in his bankruptcy case. Mr. Blocker has not provided an affidavit to support his stay violation allegations. Further, my review of the records in both the Adversary Proceeding and the Blocker Main Case indicates nothing more than that the Defendants pursued the Stay Relief Motion to its conclusion with the entry of the Blocker Stay Relief Order. Once the Stay Relief Motion was granted, and no stay pending appeal was imposed, the Defendants apparently rescheduled a foreclosure sale of the Property. However, foreclosure was again stayed by Ms. Thompson's bankruptcy filing. While relief from stay was granted by the Thompson Stay Relief Order in the

Page 11 - MEMORANDUM OPINION

Thompson Main Case, there is no evidence in the record before me that a foreclosure sale of the Property has in fact taken place. As a bottom line matter, there is nothing in the record that supports Mr. Blocker's claim for relief based on Defendants' alleged violation of the automatic stay of § 362(a) in Mr. Blocker's bankruptcy case. In addition, I conclude that Mr. Blocker has no standing to pursue any alleged violation of the automatic stay in Ms. Thompson's bankruptcy case. Accordingly, summary judgment in Defendants' favor is appropriate on Mr. Blocker's claim for relief based on alleged violations of the automatic stay, as there is no genuine issue of material fact as to any such violation of the stay claim.

2. Wrongful and Fraudulent Conspiracy to Foreclose

While Mr. Blocker's allegations of civil RICO and state law tort claims go on at great length in his Amended Complaint, in their essence, he is alleging that Defendants have no right to foreclose his interest in the Property, and they have wrongfully, fraudulently and illegally conspired to complete such a foreclosure.

At the outset, as noted above, there is no evidence in the record that a foreclosure of Mr. Blocker's interest, if any, in the Property has been completed. To the extent that Mr. Blocker is asserting a claim for damages based on such a wrongful foreclosure, the event leading to such potential damages has not occurred, and his claim is not ripe for determination.

However, the uncontradicted evidence in the record before me is that the Defendants in their respective roles have every right to pursue a foreclosure sale of the Property, and they have done nothing wrongful,

Page 12 - MEMORANDUM OPINION

fraudulent or illegal.  If Mr. Blocker has any evidence of such wrongdoing on the part of any of the Defendants, he has not presented it, and he has presented no evidence in opposition to the Defendants' appropriately supported Motion for Summary Judgment to establish that there is any genuine issue of material fact on the issue of damages resulting to him from the alleged wrongful, fraudulent or illegal conduct of any of the Defendants.  In short, Mr. Blocker has emphatically stated his claims against the Defendants in the Amended Complaint, but when he was required to present some evidence tending to establish the existence of a genuine issue of material fact in opposition to Defendants' Motion for Summary Judgment, he defaulted.  His citations to ORS § 73.0104(5) and UCC § 3-409(1) [ORS § 73.0409(1)] are unavailing because he does not provide any explanation as to why they should be treated as talismans that shield him from the requirement to produce evidence in support of his claims.  I conclude that the Defendants have established that they are entitled to summary judgment on all of Mr. Blocker's claims asserted against them in the Amended Complaint.

## Conclusion

Defendants' Motion for Summary Judgment is supported by the law and the evidentiary submissions included in their supporting declarations.  My review of the documents filed and dockets in the Adversary Proceeding, the Blocker Main Case and the Thompson Main Case provides nothing that would contradict Defendants' entitlement to summary judgment.  Mr. Blocker has not submitted any evidence tending to establish the existence of a genuine issue of material fact with respect to any of the claims for relief asserted in his Amended Complaint.

Page 13 - MEMORANDUM OPINION

Accordingly, I conclude that Defendants are entitled to summary judgment in their favor on all claims asserted against them in the Amended Complaint.  Mr. Esterkin should submit an order and judgment consistent with the conclusions set forth in this Memorandum Opinion within the next ten days.

cc:     Tyrone Blocker
        James N. Esterkin
        David B. Mills